UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FUENTES, et al., <br><br> Defendants. | Case No. 2:25-cv-02811-DJC-CSK PS <br><br> ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND <br><br> (ECF Nos. 1, 3) |

Plaintiff Tiffany Harrison Shabazz is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 3.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I. **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.   DISCUSSION**

Plaintiff, "individually and on behalf of" Harold Richardson, N.S. (minor), M.S. (minor), and I.S. (minor) brings this action under 42 U.S.C. § 1983 against Defendants Sacramento Police Department Officers Fuentes and James, and the City of Sacramento. *See* Compl. (ECF No. 1). Plaintiff brings the following claims:  (1) unlawful detention and threats under the Fourth and Fourteenth Amendments against Defendants Fuentes and James; (2) violation of family integrity under the Fourteenth Amendment

against "Defendants"; (3) intentional infliction of emotional distress against "Defendants"; and (4) a Monell claim against Defendant City of Sacramento. Compl. ¶¶ 9-12. Plaintiff alleges that on November 18, 2021, Plaintiff attempted to secure the release of Iman Shabazz, who was being unlawfully held against his will at Windsor Care Center located in Sacramento. Compl. ¶ 5. Defendants Fuentes and James responded to the facility and refused to release Iman Shabazz, and threatened Plaintiff and her children with arrest. Compl ¶ 6.

### A.    Pro Se Representation

Plaintiff brings this action "individually and on behalf of Harold Richardson, N.S. (MINOR), M.S. (MINOR), and I.S. (MINOR)." Compl. at 1. Plaintiff is not able to bring a claim on behalf of any other party, including her minor children, because she cannot represent others pro se. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"). It is unclear whether Harold Richardson is a minor. Even if Richardson is not a minor, Plaintiff may not represent him while proceeding pro se. *See C.E. Pope Equity Trust*, 818 F.2d at 697. If Richardson is not a minor, he may join the action and represent himself pro se, however if he chooses to do so, he must sign all pleadings in addition to Plaintiff. *See* Fed. R. Civ. Proc. 11(a) ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."); *see also* Local Rule 131(b). If Plaintiff wishes to bring claims on behalf of her minor children, she will need to retain a lawyer.

### B.    Statute of Limitations for 42 U.S.C. § 1983

Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For Section 1983

actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citations omitted).

Under California law, the statute of limitations for personal injury actions is two years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1). This limitations period is statutorily tolled for a period of two years for person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Code Civ. P. § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000). The statute of limitations can be suspended by equitable tolling as well. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950. Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Callins v. Mason,* 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, it appears that Plaintiff has brought her claims in this Court well after the two-year statute of limitations period. Plaintiff alleges that on November 18, 2021, at the Windsor Care Center in Sacramento, Plaintiff attempted to secure the release of Iman Shabazz, who was being unlawfully held against his will. Compl. ¶ 5. This would place

Plaintiff's claim outside of the two year statute of limitations timeline. The Complaint in its current form does not allege any facts to suggest equitable or statutory tolling. *See generally* Compl. Therefore, the Complaint is dismissed as time barred. However, because it is conceivable that Plaintiff may be able to allege facts to justify equitable tolling or some other tolling of the limitations period, the Court will dismiss these claims without prejudice. The Court notes that if Plaintiff amends in an effort to plead cognizable claims, the amended complaint must plead additional facts, including facts regarding tolling of the limitations period.

### C. Plaintiff's State Law Claims

Plaintiff brings a claim for intentional infliction of emotional distress against all Defendants. Plaintiff has failed to state a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Hayes v. TJX Cos., Inc.*, 2018 WL 619876, at *4 (C.D. Cal. Jan. 29, 2018) (citing *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988)). Plaintiff alleges that Defendants Fuentes and James refused to release Iman Shabazz from the Windsor Care Center and threatened Plaintiff and her children with arrest. Compl. ¶¶ 6, 7. Plaintiff alleges that Defendants' "threats and intimidation were outrageous, intentional, and caused severe emotional distress" to Plaintiff and her children. Compl. ¶ 11. These allegations are insufficient to state a claim because the Complaint fails to allege intent to cause extreme emotional distress. Accordingly, Plaintiff's intentional infliction of emotional distress claim is dismissed with leave to amend to the extent Plaintiff can allege additional supportive facts.

### D. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and

1  succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In
2  light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could
3  allege additional facts to state claims under Section 1983, and state an intentional
4  infliction of emotional distress claim, the Court finds it appropriate to grant Plaintiff an
5  opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that
6  prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and
7  provide an opportunity to cure – if it appears at all possible the defects can be
8  corrected).

9      If Plaintiff elects to file an amended complaint, this new pleading shall allege facts
10 establishing the existence of federal jurisdiction and must contain a short and plain
11 statement of Plaintiff's claim. The allegations of the complaint must be set forth in
12 sequentially numbered paragraphs, with each paragraph number being one greater than
13 the one before, each paragraph having its own number, and no paragraph number being
14 repeated anywhere in the complaint. Each paragraph should be limited "to a single set of
15 circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help
16 plaintiffs organize their complaint in the proper way. They are available at the Clerk's
17 Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at
18 www.uscourts.gov/forms/pro-se-forms.

19     The amended complaint must not require the Court and the defendants to guess
20 at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th
21 Cir. 1996) (affirming dismissal of a complaint where the district court was "literally
22 guessing as to what facts support the legal claims being asserted against certain
23 defendants"). The amended complaint must not require the Court to spend its time
24 "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*.
25 at 1180. The amended complaint must not require the Court and defendants to prepare
26 lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

27     Plaintiff is informed that the court cannot refer to a prior complaint or other filing in
28 order to make the amended complaint complete. Local Rule 220 requires that an

amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

### III. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: December 1, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, shab.2811.25